IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MDC S.p.A, d/b/a MASSIMODECARLO, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.:   1:19-cv-7159 ) |
| against | ) ) |
| DAVID SHUMAN, | ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff MDC S.p.A, d/b/a MASSIMODECARLO ("Plaintiff"), by and through its counsel Becker LLC, for its complaint against Defendant David Shuman ("Defendant") for breach of contract, promissory estoppel and account stated, states as follows:

## NATURE OF ACTION

1. This action arises from Defendant's breach of the parties' binding agreement to pay Plaintiff for certain works of art purchased by Defendant.

## PARTIES

2. Plaintiff is an organization organized under the laws of the Italian Republic (not domiciled in the State of New York) with a place of business located at 55 South Audley Street, London, United Kingdom, W1L2QH.

3. Defendant is an individual domiciled in the State of New York and residing at 265 Park Avenue South, Penthouse, New York, New York, 10010

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a), because Plaintiff and Defendant are not citizens of the same state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Personal jurisdiction is proper in this Court with respect to Defendant because Defendant is a resident of the City, County and State of New York and because the facts and circumstances giving rise to the allegations against Defendant arose in the State, County and City of New York.

6.      Venue is proper in this District, pursuant 28 U.S.C. §1391(c), because Defendant is subject to personal jurisdiction in this District.

## BACKGROUND

7.  Plaintiff is an art gallery and purveyor founded in Milan, Italy in 1987 that plays an important role in the global art world, including by introducing Italian artists to European and American audiences.  Since 1987, Plaintiff has opened additional galleries in Milan, London, UK and Hong Kong.

8.  Defendant is a customer of Plaintiff.

## THE PARTIES' BUSINESS TRANSACTIONS

10.  In accordance with the agreement of the parties, between February, 2015 and August, 2018, Defendant purchased eleven (11) works of art from Plaintiff.  Between June, 2015 and March 2016, Plaintiff delivered four (4) of said works of art to Defendant.

11.     In accordance with said purchases and the parties' agreement, Plaintiff issued eleven invoices to Defendant, the terms of which included that payment was due upon receipt of the invoice.  Copies of said invoices are attached hereto as Exhibit A.

12.     In accordance with Plaintiff's summary of invoices, a copy of which is attached hereto as Exhibit B, the total amount owed by Defendant under said invoices is $1,286,000.00.

13. In accordance with said purchases and the agreement of the parties, Defendant paid to Plaintiff the amount of $425,867.00, and Plaintiff provided to defendant discount credits in the total amount of $32,000.00. (See Exhibit B)

14. In breach of the parties' agreement, however, there remains an outstanding balance in the amount of $798,133.00, which is due and owing immediately from Defendant to Plaintiff.

15. Despite Plaintiff's repeated demands for payment of the outstanding balance, Defendant has failed to remit payment which has caused Plaintiff to suffer significant damages for which it is entitled to be compensated.

16. In addition, as a direct result of Defendant's breach of the agreement of the parties, including buy failing to consummate the sale transactions and accept delivery of the art works, Defendant has caused plaintiff to incur expenses beyond the agreed upon purchase price, including for the proper storage of the valuable artworks.

## FIRST COUNT
## BREACH OF CONTRACT

17. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

18. By his conduct as aforesaid, including by not paying for the purchased works of art as aforesaid, Defendant breached his contractual obligations to Plaintiff.

19. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered significant damages for which it is entitled to be compensated.

## SECOND COUNT
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

20. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

21. Plaintiff's agreement with Defendant contained an implied covenant of good faith and fair dealing in the carrying out of his obligations to Plaintiff.

22. By their conduct as aforesaid, Defendants breached the implied covenant of good faith and fair dealing.

23. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered significant damages for which it is entitled to be compensated.

## THIRD COUNT
## NON-ACCEPTANCE UNDER THE UNIFORM COMMERCIAL CODE

24. Plaintiff repeats and alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

25. Defendant contracted to purchase the works of art as aforesaid.

26. Defendant failed to make full payment due on or before the delivery of said works of art.

27. As a direct and proximate result of Defendant buyer's breach in this regard, Plaintiff seller has suffered significant damages for which it is entitled to be compensated

## FOURTH COUNT
## ACCOUNT STATED

28. Plaintiff repeats and alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

29. As of the date of the filing of this complaint, there is due and owing from Defendant Plaintiff an account stated in the amount of $798,133.00.

30. As of the date of the filing of this complaint, the account stated has been presented to and not disputed by Defendant.

31. Defendant promised to pay the outstanding amount stated, but as of the date of the filing of this complaint, has failed to do so despite Plaintiffs' repeated demands for payment.

32. As a direct and proximate result of Defendant's failure to pay the account stated, Plaintiff has suffered significant damages for which it is entitled to be compensated.

33. Plaintiff repeats and alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

34. By accepting delivery of works of art as aforesaid, Defendant intentionally interfered with and excluded Plaintiff' rights to possession in the aforesaid works of art.

35. As a direct and proximate result of Defendant's conversion of Plaintiff's property in this regard, Plaintiff has suffered significant damages for which it is entitled to be compensated.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant in the amount of awarding damages in the amount of $798,133.00, plus related expenses, including the costs of storage, interest, attorneys' fees and costs of suit, and awarding any and all other relief that the Court deems just and proper.

**BECKER LLC**
Attorneys for Plaintiff

New York, NY
July 31, 2019

By:   /s/ *David J. Sprong*
      David J. Sprong, Esq.
      **Becker LLC**
      2 Park Avenue
      20th Floor, Suite 2006
      New York, NY 10016
      Tel:   (212) 390-8407
      Fax:   (646) 619-4699
      email:  djsprong@becker.legal