IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MDC S.p.A, d/b/a MASSIMODECARLO, | ) ) ) CIVIL ACTION NO.: 1:19-cv-7159 |
| Plaintiff, against | ) ) ) |
| DAVID SHUMAN, | ) ) ) |
| Defendant. | ) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/20

## AMENDED CASE MANAGEMENT PLAN

The Court's Case Management Plan filed on December 5, 2019 is amended as follows:

1. All discovery, including expert discovery, shall be completed on or before **December 31, 2020.** PLEASE NOTE: the phrase "all discovery including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), well before the expiration of the discovery period. Expert disclosures confirming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by **October 9, 2020**; Defendants(s) expert report(s) by **November 6, 2020**;

2. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

3. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is Judge Freeman. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge Mc Mahon must approve any extension of the discovery deadline in on-pro-se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extension so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

4. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions). Shall be submitted on or before **February 12, 2021**. Following submission of the joint pre-trial order, counsel will be notified of the date of the final

pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

5. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

6. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

7. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: July 29, 2020

On consent of the parties:

**BECKER LLC**
*Attorneys for Plaintiff*

By: *s/ David J. Sprong*
David J. Sprong
2 Park Avenue, Suite 2006
New York, NY 10016
(212) 390-8407
djsrpong@becker.legal

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant*

By: *s/ Linda S. Roth*
Linda S. Roth
1350 Broadway
New York, NY 10018
(212) 216-8000
lroth@tarterkrinsky.com

**SO ORDERED:**

_____
**HON. COLLEEN MCMAHON**
UNITED STATES DISTRICT JUDGE

9/11/2020