UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MDC S.p.A,                                                Plaintiff,<br><br>-against-<br><br>DAVID SHUMAN<br><br>                                                              Defendant. | No. 19 Civ. 07159 (CM) |

**FURTHER CONTEXT TO THE COURT'S ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND MODIFICATION OF CERTAIN ASPECTS OF THE VERDICT**

McMahon, J.:

Following trial and the issuance of findings of fact, conclusions of law and a verdict (Dkt. No. 54), Defendant David Shuman sought certain changes to certain findings of fact and reconsideration of the amount of the judgment in his favor. (Dkt. No. 60). In the interest of expediency, the Court summarily denied Shuman's request in a brief order dated July 12, 2021. (Dkt. No. 61). The following is a more detailed explanation of the reasons for that order.

Shuman asks the Court to strike one finding of fact (FF 25) concerning the possibility that he was experiencing financial difficulties, on the ground that it is not supported by any evidence and is unnecessary to the result. I denied the request because the statement in the findings of fact represented a fair inference from the evidence. Shuman testified that he closed down his fund in 2014 (Trial Transcript at ¶ 191), and "downsized" his office because he "went from a lot of people to just a couple of people." (Trial Transcript at ¶ 194). Other evidence showed that Shuman did not make any cash transfers to MDC from January 19, 2016 until July 21, 2017. (FF 20, 25, 73). MDC was concerned about the fact that Shuman had not paid for paintings; a 2018 email from Shuman's contact at MDC, Roberto Moiraghi, to his employers represented that Shuman had stopped paying the gallery in September 2015," aside from "a single transfer . . . in 2016. (FF 20). On the basis of this evidence, the Court was fully justified in drawing the conclusion that, while there was a suggestion that Shuman had encountered financial difficulties and that there was some evidence to support that suggestion, it was ultimately not proven – or, as I put it in the Findings of Fact, the issue was "not explored at length so the Court [was] not able to make any finding in this regard." (FF 25).

As for Shuman's request that he be awarded damages because MDC delayed in delivering PEI-550 to him: The Court has made its decision and sees no reason to vary from it. Given the erratic relationship between purchases and payments while Shuman was dealing with MDC through Moiraghi – coupled with the fact that, in the wake of Moiraghi's departure, those who remained at MDC were trying to figure out exactly what was what in terms of Shuman's account – the Court cannot say that Shuman has proved by a preponderance of the evidence that he was entitled to

what is, in essence, a refund of a portion of the purchase price for a painting that was admittedly delivered to him once MDC officials realized that he had paid for it. There is no evidence that he negotiated for any such refund, or that anyone at MDC promised him one.

For these reasons the court concluded, on July 12, 2021, that there would be no change to the Findings of Fact, Conclusions of Law and Verdict.

Dated: July 27, 2021
New York, New York

_____
United States District Judge

BY ECF TO ALL COUNSEL